MAYOR AND ALDERMAN OF MORRISTOWN *v.* HAMBLEN
COUNTY.

(*Knoxville.*    September Term, 1916.)

1. **MUNICIPAL CORPORATIONS. Improvements.   Street assess-
   ments.    Liability of county property.   Statute.**

   Under Priv. Acts 1911, chapter 501, section 1, as amended by
   Priv. Acts 1913, chapter 2, providing for the improvement of
   the streets in certain cities upon petition by the owners of
   frontage and action by the legislative body of the city, and
   other sections providing for the proportion of the expense
   which shall constitute a lien upon a lot and be collected as
   taxes, and not specially exempting county property, the prop-
   erty of the county, which is an arm of the State government, was
   not liable to assessment for the improvement of the street on
   which it abuts, since such power must be specially conferred.
   (*Post, pp.* 245-248.)

   Acts cited and construed:   Acts 1911, ch. 501, sec. 1;  Acts 1913,
   ch. 2.

   Cases cited and approved:   Clinton v. Henry County, 115 Mo.,
   557;  Board of Improvement v. Little Rock School District, 56
   Ark., 354;  Nashville v. Smith, 86 Tenn., 213;  Smith v. Nash-
   ville, 88 Tenn., 464;  Bank v. Memphis, 116 Tenn., 641.

   Cases cited and distinguished:   Keith v. Funding Board, 127
   Tenn., 441;  State v. Crutcher's Adm'r, 32 Tenn., 505;  United
   States v. Hoar, 2 Mason, 311;  Jones v. Talham, 20 Pa., 398;
   Directors of Poor v. School Directors, 42 Pa., 21;  City of
   Pittsburg v. Sterrett Subdistrict School, 204 Pa., 635.

2. **MUNICIPAL CORPORATIONS.    Special assessments.    Ex-
   emptions.    Statute.**

   Under Constitution, article 2, section 28, authorizing the legisla-
   ture to exempt property held by the State, county, cities, or
   towns, etc., from general taxation ,although it is customary in
   acts governing general taxation, as distinguished from special
   assessments, to make the various exceptions mentioned in the

Mayor & Aldermen of Morristown v. Hamblen Co.

Constitution, special assessments would not be affected by such language in the general assessment acts, and failure to make such public property liable for the special assessments automatically operates as an exemption. (*Post, pp.* 248, 249.)

3. **MUNICIPAL CORPORATIONS.** Statute empowering assessment. Constitutionality. Discriminations.

Under Constitution, article 11, section 8, forbidding discriminatory legislation, and Private Acts 1911, chapter 501, section 1, as amended by Private Acts 1913, chapter 2, providing for certain street improvements and assessments and making the city liable for any improvements made in front of exempt property, although the State has power to subject the county's property to special assessment, and these assessments are based upon the conclusive presumption of law that the property is benefited by the improvements · made, failure to subject county property to the special assessment for improvement purposes is not a constitutional discrimination. (*Post, pp.* 249-252.)

Cases cited and approved:  Arnold v. Knoxville, 115 Tenn., 195; State ex rel. v. Powers, 124 Tenn., 553.

FROM HAMBLEN.

Appeal from the Chancery Court of Hamblen County.—HUGH G. KYLE, Chancellor.

W. N. HICKEY, for appellant.

McCANLESS, COLEMAN & TAYLOR and HOLLOWAY & HICKEY, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Chapter 501 of the Acts of 1911, section 1, as amended by chapter 2 of the Acts of 1913, provides that:

"For cities standing on a population basis within which falls Morristown it shall be lawful for the legislative body of said cities or towns, upon petition signed by the owner or owners of fifty-one per cent of the frontage of the lots or parcels of land on such portion of any street, highway, or alley, as set out in the petition, within the corporate limits of said city or town, not less than one block or the space between two cross streets in length, to provide by resolution or ordinance for the improvement of such street, avenue, highway, or alley by opening, widening, extending, grading, paving, graveling, macadamizing, guttering, constructing sidewalks thereon, curbing and parking, or otherwise improving the same or a part thereof not less than one block in length as aforesaid, and to provide for the making and collecting of special levies or assessments upon the land abutting on such street, highway, avenue, or alley to be improved in the manner hereinafter set forth and to pay for said improvement."

Other sections of the act provide that the proportion of the expense applicable to any particular lot shall constitute a lien upon the lot, and that such expense may be collected as taxes are usually collected.

The bill charges that an improvement district was organized in Morristown, in which district was included the lot on which rests the county courthouse. The present suit was brought to recover of the county such part of the expense as was applicable to that lot. A demurrer was filed containing several grounds, but the substance of them all was that the bill stated no case against the county. The chancellor overruled the demurrer. The county thereupon refused to plead further, and a judgment *pro confesso* was taken, and a decree rendered against the county for the amount alleged to be due, and a *mandamus* ordered for the levying of a tax to pay it. The case was then appealed.

The general question presented by the briefs of counsel is whether the property of a county can be made liable for improvements on a street, or streets, on which the said property abuts, effected under the assumed authority of an act, which does not specially authorize assessments for the purpose against such county property.

The act contains no direct or special authority for the making of such special assessment on the county's property. The property of the county, in fact, is not mentioned at all in the act, and if the liability be adjudged it must be on the assumption that a general act will confer the power.

We are of the opinion that the power must be specially conferred in order to affect the county, since it is but an arm of the State government. As said

in *Keith* v. *Funding Board,* 127 Tenn., 441, 464, 155 S. W., 142, 148 (Ann. Cas., 1914B, 1145):

"We recognize the rule of construction that leaves the sovereign not included in, but, so to speak, withdrawn from, the general language of a statute or constitution, unless specifically mentioned."

Another statement of the doctrine is found in *State* v. *Crutcher's Adm'r,* 32 Tenn. (2 Swan), 505, 509, quoting with approval the language of Mr. Justice Story in *United States* v. *Hoar,* 2 Mason, 311, 314, Fed. Cas., No. 15,373:

"Where the government is not expressly, or by necessary implication, included, it ought to be clear, from the nature of the mischief to be redressed, or the language used, that the government itself was in contemplation of the legislature, before a court of law would be authorized to put such an interpretation upon the statute."

As said in *Jones* v. *Tatham,* 20 Pa., 398:

"Words of a statute applying to private rights do not affect those of a State. This principle is well established, and is indispensable to the security of the public rights. The general business of the legislative power is to establish laws for individuals, not for the sovereign; and, when the rights of the commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied."

In *Directors of Poor* v. *School Directors,* 42 Pa., 21, Chief Justice Lowrie says:

"The public is never subject to tax laws, and no portion of it can be without express statute. No exemption law is needed for any public property, held as such."

The foregoing cases are cited and approved in *City of Pittsburg* v. *Sterrett Subdistrict School,* 204 Pa., 635, 54 Atl., 463, 61 L. R. A. 183, and after an examination of these and other authorities it is said, in the latter opinion, that local assessments are a form of taxes, and the opinion continues:

"The same view is entertained in many other States, and it is there held that the general language . . . authorizing assessments for local improvements does not apply to property held by the State or a political subdivision thereof and devoted strictly to public use." *Clinton* v. *Henry County,* 115 Mo., 557, 22 S. W., 494, 37 Am. St. Rep., 415; *Board of Improvement* v. *Little Rock School District,* 56 Ark., 354, 19 S. W., 969, 16 L. R. A., 418, 35 Am. St. Rep., 108.

Other authorities are cited in the opinion just mentioned, which contains quite a full discussion of the subject.

The principle is well settled in this State that tax laws do not apply to the property of the State, or any of the arms of the State government, unless they are specially mentioned therein, and made subject thereto. *Nashville* v. *Smith,* 86 Tenn., 213, 6 S. W., 273. *Smith* v. *Nashville,* 88 Tenn., 464, 12 S. W., 924,

7 L. R. A., 469; *Bank* v. *Memphis,* 116 Tenn., 641, 648, 94 S. W., 606.

It is true that the State might have made its own property, or that of any of its subdivisions, liable for special assessments. In the same manner it might likewise refuse or fail to do so in any given act. The latter would operate as an implied exemption. It is true, as urged by counsel for the complainants, and the great weight of authority is to that effect, that an exemption from general taxation does not cover an exemption from special assessment. Our Constitution provides (article 2, section 28) with regard to general taxation, that:

"All property real, personal or mixed, shall be taxed, but the legislature may except such as may be held by the State, by counties, cities, or towns, and used exclusively for public or corporation purposes, and such as may be held and used for purposes purely religious, charitable, scientific, literary, or educational, and shall except $1,000 worth of personal property in the hands of each taxpayer, and the direct product of the soil in the hands of the producer, and his immediate vendee."

It is customary in our general assessment acts— that is, those covering general taxation, as distinguished from special assessments—to make the various exceptions thus mentioned in the Constitution. Special assessments would not be affected by such language in a general assessment act. However, the legislature may exempt the property of the State and

of its subdivisions without a special clause so doing. As pointed out, the failure to make such public property liable for special assessments in an act devoted to that subject automatically operates as an exemption in favor of such public property in actual use for public purposes. In favor of this proposition, as stated by Judge Dillon, is found the great weight of authority. In the last edition of his work on Municipal Corporations (volume 4, section 1446) he says:

"The principle which makes property of the State, or of any of its political or municipal subdivisions, nontaxable, under general statutory provisions and in the absence of a positive direction therefor, according to the great weight of authority, also precludes the imposition of a special assessment for a street or other local improvement upon such property unless there is positive legislative authority therefor."

Authorities upon both sides of the question are cited in a note to that section.

It is insisted in behalf of the complainant that, inasmuch as the State had the power to subject the county's property to the special assessment, and these assessments are based upon a conclusive presumption of law to the effect that property subjected to such assessments is benefitted by the improvements made, and as the county courthouse lot must be held to have been actually benefited by reason of the better access afforded by the improved streets around

it, the exclusion of the county property from the duty of contributing to the common fund would effect an unconstitutional discrimination in favor of the State, or the county, in violation of that section of the Constitution (article 11, section 8) which forbids discriminatory legislation. This contention is unsound.

In section 4 of the act it is provided:

"The cost of paving or otherwise improving the intersections of streets, and that the part of the costs of streets which would be chargeable on property belonging to the city or town or for any reason is exempt from special assessments shall be borne by said city or town."

Section 15 also makes the city liable for any improvements made in front of exempt property. The improvements are made on petition of the citizens, and they cannot be made without the sanction of the legislative body of the city or town, and among the reasons given in the act which would justify the latter in rejecting a petition for the improvement is that the part of the cost to be borne by the city would be greater than would justify the public necessity. So, although it is true, as we have said, that the legislature might have subjected the property of the county to the special assessment for improvement purposes, still its failure to do so cannot be regarded as an unconstitutional discrimination, inasmuch as the property of a county stands in a class quite different from that of individuals. It belongs to all the people of the county, and in a sense to the State as

well, and is not the subject of bargain and sale, as private property is, and any value attached to it by incidental improvements effected in making improvements on other property is shared by all. Moreover, the owners of private lots are in no sense injured by the failure to include the county. Their assessments are not increased. The expenses attached to improvements on streets and other highways in front of county property is devolved upon the city, and the city is not bound to accept it unless it sees proper. Therefore, when the city adopts a scheme for improvement worked out under the act, it necessarily consents to pay for all improvements made in front of county property, and, thus consenting, it cannot complain. Moreover, the power to exempt from special assessments is itself a power exercised under and pursuant to the Constitution, in the method already indicated; that is by failure to specify the public property as subject to the tax. So there is no fear, as suggested in the briefs of complainant's counsel, that the construction of the statute holding the county property not liable to the special assessment would make the whole act void, or any part of it, on the ground of an unconstitutional discrimination.

That special assessments fall under the taxing power, or constitute a branch of the taxing power, is acknowledged on all hands. *Arnold* v. *Knoxville,* 115 Tenn., 195, 90 S. W. 469, 3 L. R. A. (N. S.), 837, 5 Ann Cas., 881; *State ex rel.* v. *Powers,* 124 Tenn.,

553, 137 S. W., 1110; 4 Dillon on Mun. Corp., section 1431, and authorities cited.

On the grounds stated, we are of the opinion that the chancellor committed error in overruling the demurrer. His judgment must be reversed, the demurrer must be sustained, and the bill dismissed, at the costs of the complainant.