# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

---

EDDIE HEATH,              )

                      )

        Plaintiff/Appellant,      )      Shelby Equity No. 103628 R.D.

                      )

vs.                   )

                      )

JAYNE S. CRESON, WAYLON     )      Appeal No. 02A01-9505-00105
WININGER, and PAT HUTCHINSON,  )

                      )

        Defendants/Appellees.    )

                      )

A. C. GILLESS,         )

                      )

        Defendant.         )

## APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE

THE HONORABLE NEAL SMALL, CHANCELLOR

**FILED**

**December 4,**

**2001**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

For the Plaintiff/Appellant:

Eddie Heath, Pro Se
Memphis, Tennessee

For the Defendants/Appellees:

Donnie E. Wilson
Paul A. Robinson, Jr.
Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

In this action, Plaintiff Eddie Heath ("Heath") filed a pro se complaint for declaratory judgment to determine whether he provides a taxable service under the Business Tax Act. Heath brought suit against A.C. Gilless ("Gilless"), the Shelby County Sheriff, Jayne S. Creson ("Creson"), the Shelby County Clerk, as well as two employees of the Shelby County Clerk's Office, Waylon Wininger ("Wininger") and Pat Hutchinson ("Hutchinson"). The trial court dismissed Heath's complaint, finding that it failed to state a claim upon which relief could be granted. We affirm.

Heath operated a business in Shelby County, Tennessee. In 1993, the Shelby County Clerk's Office asserted that Heath operated as a hair stylist or barber and consequently was deemed a provider of services subject to taxation under the Business Tax Act, Tennessee Code Annotated §§ 67-4-701 to 67-4-1425 (1994 & Supp. 1996). Heath had not filed a business tax return or paid any business taxes. Heath met with defendant Hutchinson at the Clerk's Office to discuss his alleged tax liability. He denied that he was a barber and claimed that he did not provide a taxable service under the Business Tax Act. Heath later received a delinquent tax notice and two notices of assessment from the Shelby County Clerk's Office.

Subsequently, Heath filed this complaint in the Chancery Court of Shelby County, seeking injunctive relief and declaratory judgment with respect to whether he provides a taxable service. Heath did not pay the disputed tax prior to filing his complaint. Defendant Gilless filed a motion to dismiss Heath's complaint for failure to state a claim upon which relief could be granted and for failure to follow the required procedure to challenge the tax. Defendants Creson, Wininger and Hutchinson subsequently filed a similar motion to dismiss. The trial court issued two orders of dismissal, one as to defendant Gilless and a second order as to defendants Creson, Wininger and Hutchinson. Heath appeals the trial court's decision, but designated only Creson, Wininger, and Hutchinson as the parties on appeal.

The trial court in this case considered the entire record in making the decision to dismiss Heath's complaint, as opposed to confining its review to the pleadings. Consequently, the motion to dismiss is treated as a motion for summary judgment. Tenn. R. Civ. P. 12.02; *see also D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 459-60 (Tenn. App. 1990). Summary judgment is proper when there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03. On a motion for summary judgment, courts

must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). Summary judgment is only appropriate when the case can be decided on the legal issues alone. *Id.* at 210. Because only questions of law are involved, there is no presumption of correctness. *Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 68 (Tenn. App. 1992). Therefore, our review of the trial court's order of dismissal in this case is *de novo* on the record before this Court. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

On appeal, Heath contends that he does not provide a taxable service under the Business Tax Act and that the tax assessed by the Shelby County Clerk's Office is unconstitutional under the Tennessee Constitution. Consequently, Heath contends that there is an actual controversy and that the chancery court has jurisdiction to hear his suit under the Declaratory Judgment Act. *See* Tenn. Code Ann. §§ 29-14-101 to 29-14-113 (1980 & Supp. 1996); *id.* § 29-14-102(a) (providing that the Declaratory Judgment Act grants courts of record, within their respective jurisdictions, the power to declare rights, status, and other legal relations).

The defendants argue on appeal that Heath is subject to taxation. The defendants further assert that the trial court properly dismissed Heath's complaint because he failed to follow the proper procedures to challenge the tax assessed. The defendants contend that the tax assessed against Heath is a tax "collected or administered by" the state Commissioner of Revenue, and that a taxpayer is required by statute to either pay a disputed state revenue tax and then file for a refund or bring suit against the Commissioner of Revenue in chancery court within ninety days of the first assessment. Tenn. Code Ann. §§ 67-1-1801, 67-1-1804 (Supp. 1996).

Heath was assessed taxes pursuant to Tennessee Code Annotated § 67-4-708(3)(C), in which classifications of businesses are designated as taxable, including persons, "making sales of services or engaging in the business of furnishing or rendering services," with certain exceptions. Tennessee statutes and our case law recognize a distinction between state taxes and local taxes. In *Westinghouse Electric Corp. v. King*, 678 S.W.2d 19 (Tenn. 1984), *appeal dismissed*, 470 U.S. 1075, 105 S. Ct. 1830, 85 L. Ed. 2d 131 (1985), a taxpayer filed suit against the Commissioner of Revenue to recover local taxes that he had paid under protest. *Id.* at 21. A statute existing at that time provided that a tax had to be assessed within three years of the time it was due or its collection would be barred. *Id.* at 27. The taxpayer argued that the collection of the taxes was barred because

the assessments had not been made within the three-year statutory period. *Id.*

The court noted that the legislature amended the statute to require that only state taxes must be assessed within a three-year period. *Id.* at 28. The court held that the taxes at issue were local rather than state taxes, and consequently were not affected by the three-year limitation on assessment:

> Under the 1974 Act only state taxes must meet the three year statute of limitations on assessment. Business taxes which fall under classification 1-3 of T.C.A., § 67-5805 [now § 67-4-708(1)-(3)], are not state taxes, but are instead local privilege taxes which each county and/or municipality is permitted to levy. Returns on these taxes are filed with appropriate local government rather than the state. T.C.A. § 67-5807.

*Id.* Thus, the court in *Westinghouse* found that taxes under the statute at issue in this case, Tennessee Code Annotated § 67-4-708(3), were county taxes rather than state taxes. *Id.*

The procedure for a taxpayer challenge of a county tax is set forth in Tennessee Code Annotated § 67-1-901. Under § 67-1-901, a taxpayer cannot directly challenge a tax in court, but must pay the tax under protest and sue for a refund. Tenn. Code Ann. § 67-1-901 (1994 & Supp. 1996). This provision originally applied only to state taxes, *see Saunders v. Russell*, 78 Tenn. 293, 300 (1882), but now applies to county taxes as well. Tenn. Code Ann. § 67-1-912 (1994 & Supp. 1996); *see Hoover, Inc. v. Rutherford County*, 885 S.W.2d 67 (Tenn. App. 1994) (holding that a taxpayer could not seek a refund of excess payments of county taxes because he had not made those payments under protest).

In *American Can Co. v. McCanless*, 183 Tenn. 491, 193 S.W.2d 86 (1946), a taxpayer brought an action against the Commissioner of Revenue for declaratory judgment with respect to the construction of a state tax statute. *Id.* at 493, 193 S.W.2d at 86. The Court held that the taxpayer's exclusive remedy under the statutes in effect at that time was to pay the state tax under protest and file suit for recovery. *Id.* at 493, 193 S.W.2d at 88. Because the taxpayer had not paid the state tax under protest, the Court found that it lacked jurisdiction over the case and dismissed the taxpayer's complaint. *Id.* at 502, 193 S.W.2d at 90.

3

As stated above, the statutory requirement of payment under protest now applies to county taxes; thus, the reasoning in *American Can* is applicable to this case. The exclusive remedy for an aggrieved taxpayer disputing a county tax is to pay the tax and seek a refund. *See* Tenn. Code Ann. §§ 67-1-901, 67-1-912. Heath failed to pay the disputed tax prior to filing his lawsuit; consequently, the trial court lacked jurisdiction over his complaint. Therefore, the trial court's decision to dismiss Heath's complaint is affirmed.

Because the dismissal of Heath's lawsuit is affirmed on procedural grounds, we need not address his contentions that he is not subject to the tax or that the tax is unconstitutional.

The decision of the trial court is affirmed. Costs are taxed to Appellant, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**W. FRANK CRAWFORD, P.J., W.S.**

_____
**ALAN E. HIGHERS, J.**

4