Commonwealth *v.* Budd Realty Corporation,
Appellant.

Argued May 25, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

The facts are stated in the opinion of the court below
by RICHARDS, P. J., specially presiding, as follows:

This case involves an appeal by the defendant from
the settlement of tax on its corporate loans for the year
1937, in the amount of $11,778.56. A stipulation was

filed providing for trial without a jury. The evidence consists of an agreed statement of facts, testimony taken at the hearing and certain exhibits. The principal question involved is the rate of taxation for the year in question. The Commonwealth contends that the rate is eight mills, and the defendant four mills.

### Facts

The defendant is a Pennsylvania corporation whose average loans for the year 1937 were $1,460,750. Its report was filed within the time provided by law. These are the only facts necessary to an understanding of this opinion.

### Discussion

While the seventh paragraph of the agreed facts states that the tax was settled under the Act of 1937, P. L. 633, counsel for both sides now agree that such is not the case. This is indicated by their briefs. It is agreed that four mills' tax is due under the Act of 1936, P. L. 51. The Commonwealth contends that an additional four mills is due under the Act of 1913, P. L. 507, as amended. The defendant contends that the Act of 1937, P. L. 633, repealed sections 17 and 18 of the Act of 1913, and that it owes no tax under that act for the year 1937. Let us examine this situation.

The Act of 1936, Section 18, provided that corporate loans should be taxable during 1937, on reports filed for 1936, at the rate of four mills, which tax was in addition to the tax imposed by the Act of 1913. The Act of 1913, Section 17, also imposed a tax on loans at the rate of four mills. This court has already held, in *Commonwealth v. Erie Dry Goods Company,* 50 Dauphin 411, that the Act of 1936 levied a tax at the rate of four mills for the year 1937 and that the expression, "on reports filed for 1936" must be deleted. It follows that the tax due for 1937 is at the rate of eight mills, unless the Act of 1937 relieved the defendant of tax under the Act of 1913 for the year 1937. Let us see if the Act of 1937 had this effect.

Section 20(b) of the Act of 1937, repeals Sections 17 and 18 of the Act of 1913. Section 20(c), inter alia, provides:

". . . the passage of this act shall not be construed to relieve any . . . corporation from the payment of any taxes . . . imposed by Section 17 of the Act of 1913, P. L. 507, on reports filed for the calendar year 1936 . . . and prior years, or from any taxes . . . imposed by the provisions of any act . . . in force at the time this act becomes effective . . . or to prevent the commencement . . . of any legal proceedings by the proper authorities of the Commonwealth . . . for the collection or recovery of taxes . . . due or owing to the Commonwealth under such acts."

Section 21 provides that the act shall become effective immediately upon its final enactment.

When the Legislature provided, in Section 20(c) that the passage of the Act of 1937 should not be construed to relieve a corporation from the payment of taxes under Section 17 of the Act of 1913, *on reports filed for 1936 and prior years,* it was attempting to save the four mills' tax for the year 1937, imposed by the Act of 1913. We have no doubt that this was the intention of the Legislature. In levying emergency taxes it consistently provided that tax for a given year was on reports for the prior year. Hence, when it used the words "on reports filed for 1936" it was thinking of the tax for 1937. This may have been an unfortunate way to express its intention, but we feel certain this is what it meant. The Act of 1937 imposed no tax for that year but only for the years 1938 and 1939; Section 17. It is true that in imposing the tax they used the expression on reports filed for 1937 and 1938. However, we feel that we are obliged to disregard the words "on reports filed", as we did in the Erie Dry Goods case, supra, and in *Com. v. Chester County Light & Power Co.,* 48 Dauphin 1, affirmed 339 Pa. 97. This means that the Act of 1937 imposed an eight mills' tax in 1938 and 1939, and explains why it repealed Sec-

tion 17, of the Act of 1913. It was no longer necessary to levy four mills under the Act of 1913 since the entire eight mills was levied under the Act of 1937. But the Legislature had no intention of reducing taxes for the year 1937. Section 20(c) was intended to save the four mills' tax under the Act of 1913 for the year 1937. It tried to accomplish this by using the expression "on reports filed for 1936". This was its customary mode of expression which continued until Act No. 145 of July 11, 1941. In this act, no doubt taking cognizance of the aforementioned decisions, it for the first time levied the tax for given years on reports filed for the same years, which is the only workable method; see Section 17.

That this was the intention of the Legislature is shown by the fact that it provided that the passage of the Act of 1937 should not relieve a corporation from the payment of taxes "imposed by the provisions of any act in force at the time this act becomes effective". The Act of 1913 was in force at the time the Act of 1937 became effective.

While a specific saving clause, if any, may take precedence over a general saving clause, and while taxing statutes must be strictly construed, we feel that these considerations should not out-weigh the intention of the Legislature which a broad view of the situation reveals. As was said in *Commonwealth v. Mortgage Trust Company*, 227 Pa. 163, 182: "It is not so much what the general rule of construction is as what did the legislature intend . . ." Furthermore, the concluding part of Section 20(c) of the Act of 1937 authorizes the Commonwealth to proceed to collect tax due under "such acts". Such acts means acts in force at the time the Act of 1937 became effective and includes the Act of 1913. Therefore, the legislature authorized the officers of the Commonwealth to collect tax due under the Act of 1913.

This construction gives effect to the intention of the legislature, it harmonizes the several acts involved, it is consistent with prior court decisions, and it saves the

tax for the Commonwealth for the year 1937 levied by the Act of 1913.

We, therefore, conclude that the Act of 1937 did not repeal the Act of 1913, so far as the 1937 tax is concerned, and that the loans of the defendant are taxable in 1937 at the rate of four mills under the Act of 1913. The total rate of taxation on loans for the year in question is therefore eight mills.

*James J. Dougherty,* with him *John R. Scholl* and *Leslie M. Swope,* of *Drinker, Biddle & Reath,* for appellant.

*Frank A. Sinon,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

PER CURIAM, June 29, 1942:

The judgment is affirmed on the opinion of Judge RICHARDS, specially presiding in the court below.

One matter inferentially passed upon by him requires some comment from us. It is argued by appellant that the Attorney General is not entitled to his commission. We cannot support this view, because of the language of Section 1408 of the Act of April 9, 1929, P. L. 343, as amended, 72 PS Sec. 1408, which states that, in tax and other claims, if the debtor admits that part of the claim is due and if the part admitted to be due be paid to the Department of Revenue within twenty-one days after the filing of the appeal or suit the attorney's commission shall not be collected upon the amount so paid. While it is true that a part of the claim in dispute has been paid, appellant has admitted no part of the Commonwealth's claim in excess of tax at the rate of four mills to be due. For this reason, the Attorney General's commission is payable.