GIOVANNI FOLCARELLI *vs.* ALFRED J. SPENCER *et al.*

APRIL 26, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for an alternative writ of mandamus to compel the town council of Scituate to nominate and appoint the minority member of the canvassing authority from a list submitted by the chairman of the Democratic town committee or to show cause why they should not do so. We ordered the writ to issue in accord-

ance with the prayer of the petition. The respondents filed a motion to quash and an answer.

The case is before us on a stipulation of facts filed by the parties and certain oral evidence presented by respondents. There is no substantial dispute about the facts. The petitioner is the chairman of the local Democratic town committee and a qualified elector in the town of Scituate. The respondents are the members of the town council.

The local canvassing authority was established under a statute prescribing that such authority should be bipartisan and should consist of three qualified electors of the town, not more than two of whom could belong to the same political party. Two members of the authority, as presently constituted, belong to the Republican party. Their status is not in issue. This proceeding involves only the nomination and election of the minority member to represent the Democratic party.

On November 10, 1955 Frank T. Taber, a member of the Democratic party, was elected by the town council as the minority member in accordance with the provisions of P. L. 1951, chap. 2870, sec. 18, the law then in effect, for a term ending December 31, 1961. The petitioner is not attacking the validity of that appointment. However, P. L. 1951, chap. 2870, sec. 18, was amended by P. L. 1956, chap. 3754 (now G. L. 1956, §17-8-1).

The act, as thus amended, prescribed that the members of such authorities were to be nominated and elected from lists submitted by the respective chairmen of the local party committees, with the proviso that if the chairman of the party committee entitled to the appointment failed or refused to submit the required list, then the president of the council should nominate any person known by him to be a member of the party entitled to such appointment.

It may be helpful to point out that prior to 1958 the length of the terms of the members of local canvassing authorities was not fixed by statute. The state legislature had

delegated such power to the local legislative bodies. However, P. L. 1958, chap. 18, known as the Election Law, amended G. L. 1956, title 17. In this proceeding we are concerned only with the section dealing with the appointment of bipartisan canvassing authorities and the section fixing the term of office of the members of such authorities.

Public laws 1956, chap. 3754, insofar as it dealt with the method of appointment of such authorities, was re-enacted in P. L. 1958, chap. 18 as "Sec. 17-8-1." But chap. 18 added a new section, "Sec. 17-8-2," fixing the term of office of members of local canvassing authorities by providing that "Each member of a local canvassing authority shall be appointed to serve for a term of six years beginning on the first Monday of March succeeding the date of his appointment and until his successor is elected and qualified; provided that all members of such boards in office upon the effective date of this revision shall serve for the remainder of their respective unexpired terms." Chapter 18 was approved on May 19, 1958.

As the record indicates, Mr. Taber's term expired on December 31, 1961. The statute under which he was appointed in 1955 did not provide that members of such authorities were to hold office until their successors were appointed and qualified. Nor does it appear from the record that the ordinance establishing the canvassing authority in Scituate provided for such holding over.

With this factual background in mind, we shall now discuss the circumstances which resulted in the filing of this petition. At the regular monthly meeting of the town council on January 11, 1962 the respondents, purporting to act in accordance with the provisions of §§17-8-1 and 17-8-2 of the Election Law appointed Mr. Taber as the Democratic member for a term of six years commencing on the first Monday in March, 1962. The minutes of that meeting indicate that respondents based their authority to make such appointment on the ground that the "Democratic

Town Committee" had failed to submit a list in accordance with the provisions of §17-8-1 of the Election Law.

The petitioner admits that on January 11, 1962 no such list had been submitted by him. He alleges that he protested the action of the council and, believing that he had until the first Monday in March to submit a list, he did in fact submit a list on February 2, 1962 for consideration by the council at its regular meeting to be held on February 8, 1962 so that the new appointee could assume office on the first Monday of March, 1962.

He bases his claim for relief in this proceeding on the grounds that under §17-8-1 the Democratic party in Scituate has a clear legal right to such appointment and that respondents' refusal to make an appointment from his list is in violation of the statutory mandate.

The respondents base their motion to quash the petition and the alternative writ on several grounds. Their first contention is that the petition is in effect a proceeding to try title to an office and therefore mandamus is not the proper remedy. The short answer to this contention is that it is not and, since the incumbent is not a party to the instant proceeding, a final determination thereof is not binding on him.

The respondents next contend that mandamus cannot be brought by a private citizen to enforce a public right. They cite *O'Brien* v. *Board of Aldermen,* 18 R. I. 113, *Dupre* v. *Doris,* 68 R. I. 67, and *Nolan* v. *McCoy,* 77 R. I. 96, to support their contention. Those cases hold that where some public right is to be subserved by the writ it can be applied for only by the proper public officer to whom it appertains to see to the enforcement of the right or duty in question. *Nolan* v. *McCoy, supra,* at page 99. The cases cited involved the enforcement of public rights. We approve the principle set forth in those cases, but, in our opinion, the instant case does not involve the enforcement of a public right.

In enacting P. L. 1956, chap. 3754, providing for the appointment of the members of the bipartisan canvassing authorities from lists submitted by the respective party chairmen, the legislature clearly did not intend to create a public right. On the contrary the language of the act clearly evidences a legislative intent to grant certain special privileges to the respective political parties by vesting the respective party chairmen with the power, in the first instance, to determine the eligibility of the person or persons who could be appointed to represent the respective parties on the canvassing authorities. This power, though limited to the submission of a list, was vested in the party chairmen and not in the party committees. *Powers ex rel. Peloquin* v. *Parenteau,* 86 R. I. 469. In the circumstances the cases cited by respondents do not apply in this case.

The record clearly indicates that at the time of the filing of the instant petition respondents had refused to make an appointment from the list submitted by petitioner. Furthermore, it is reasonable to infer from the record that they did not intend to do so thereafter for the reason that they did not believe they were under any duty to comply with petitioner's request. In the circumstances their contention that the petition was prematurely brought is without merit. The motion to quash is therefore denied.

The question raised by this record is whether there has been a failure by petitioner and respondents to comply with the requirements of §17-8-1. The statute clearly intended to vest in the party chairmen the power to submit the lists in question. *Powers ex rel. Peloquin* v. *Parenteau, supra.* However, §17-8-1 does not prescribe the time for the submission of such lists. Mr. Taber's term expired on December 31, 1961, thus creating a vacancy in such office. Under §17-8-1 respondents had the power to fill such vacancy, but under §17-8-2 the term of office of the person filling such vacancy was to begin on the first Monday of March, 1962.

By the provisions of §§17-8-1 and 17-8-2 no term of office

existed between December 31, 1961 and the first Monday of March, 1962. A hiatus existed during such period. We find nothing in the Election Law creating an intermediate term which would solve this problem or which authorized respondents to vest any person with the powers of the office during such period.

In the peculiar circumstances of this case the duty of respondents was to make an appointment pursuant to the mandate in §17-8-1 and in accordance with the provisions thereof. However, the term of office of the person thus appointed was to begin on the first Monday of March, 1962. In the absence of any statutory provision prescribing the time for the submission of the list in question it is the duty of this court to ascertain the legislative intent from the language of the Election Law.

After careful consideration it is our opinion that the legislature intended that such lists should be submitted within a reasonable time prior to the beginning of the term of the office to be filled. The petitioner in the instant case filed his list on or about February 2, 1962. In our opinion such list was filed within a reasonable time prior to the commencement of the new term and, therefore, respondents were duty bound, under §17-8-1, to appoint a person from that list at some time prior to the first Monday of March, 1962. To hold otherwise would, in our opinion, violate the spirit as well as the letter of the statute.

The evidence indicating the practice of the town council in making prior appointments is not helpful in determining the question of legislative intent. Nor does P. L. 1956, chap. 3778, cited by respondents help them.

Under the Election Law the petitioner has a legal right to have the respondents appoint a person from his list and it is the duty of the respondents to nominate and appoint the minority member from such list. Since the petitioner has no other adequate remedy and since the respondents

have failed to show cause why mandamus should not issue, it is our opinion that the petition must be granted.

The petition for mandamus is granted, and the respondents are ordered forthwith to nominate and appoint, nunc pro tunc, a person from the list submitted by the petitioner as the Democratic member of the local canvassing authority in Scituate for the term beginning on the first Monday of March, 1962.

*Giovanni Folcarelli,* pro se, *Newton & Brodsky,* for petitioner.

*Gorham & Gorham, Sayles Gorham,* for respondents.