JOSEPH OLSEN *vs.* ROBERT N. GEE, JR.
JOSEPH OLSEN *vs.* EARL H. PECKHAM.
ELDRIDGE H. HENNING, JR. *vs.* EARL H. PECKHAM.

JUNE 1, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. These petitions in equity in the nature of quo warranto were brought in this court pursuant to G. L. 1956, §§10-14-1 and 10-14-2. There being no dispute as to the facts the parties filed a formal stipulation with reference thereto in lieu of further pleadings. The question presented for our determination is therefore solely one of law, namely, whether the petitioners were legally elected to the offices which they claim in accordance with the applicable statute.

The petitioners claim the offices of members of the board of canvassers of the city of Cranston by virtue of their election thereto by the city council on February 24, 1959 pursuant to P. L. 1927, chap. 1085. Petitioner Olsen also claims to be clerk of the board as a result of his election by the city council on that date.

On March 26, 1962 the city council declared these elections illegal because they were not made pursuant to the revised election law, P. L. 1958, chap. 18, sec. 1, now G. L. 1956, §§17-8-1 and 17-8-2. On the same day and in accordance therewith the council thereupon elected respondents as members of the board and respondent Peckham as clerk thereof. The petitioners contend that the aforesaid actions of the city council were illegal and void and that respond-

ents are unlawfully exercising the duties of the offices of members and clerk without right or title thereto.

They base their contention substantially on the ground that G. L. 1956, §§17-8-1 and 17-8-2, in so far as they relate to the manner of electing members of the board of canvassers do not apply to the city of Cranston because such election is provided for in a special act for that city, namely, P. L. 1927, chap. 1085. They base this contention on G. L. 1956, §17-1-5, which reads as follows:

> "Effect of special statutes.—The provisions of any chapter or section under this title are subject to the provisions of any special statutes respecting any particular town or city, none of which are repealed hereby; provided, however, that insofar as any such special statute passed prior to April 22, 1935, conflicts with the provisions of chapter 19 of this title, the provisions of said chapter 19 shall prevail."

If this provision has the effect contended for, it presents a serious ambiguity in the election law in so far as the manner of electing and fixing the terms of members of the board of canvassers in some cities and towns is concerned. It was manifestly the intent of the legislature in revising the general election law of the state in 1958 to prescribe a uniform method of electing members of said boards. It was also the legislative intent to provide that the terms of such members should be uniform throughout the state. The act accordingly provided in §17-8-2: "Each member of a local canvassing authority shall be appointed to serve for a term of six (6) years beginning on the first Monday of March * * *." This was an entirely new provision which removed that matter from local control. See *Folcarelli* v. *Spencer*, 94 R. I. 304, 180 A.2d 322.

The petitioners' contention is destructive of this general legislative intent. Under such contention each city and town which has a special act providing for the election of a board of canvassers, and there are several besides the city of Cranston, by virtue of §17-1-5 would not be bound

by the general election law either as to the terms prescribed thereunder for members of such boards or in the manner of their election which is designed to assure a real bipartisan complexion to the membership of each board.

In the face of such a possible ambiguity in the statutes we are confronted with an unusual problem. Ordinarily, as petitioners well argue, the rule to be applied is "that a general statute shall not repeal a special statute unless the purpose so to do is clearly manifest." *State* v. *Town Council*, 18 R. I. 258, 273. And such rule derives added force where there is incorporated in the general law a saving clause. But if the application of such clause will result in a nullification of what appears to be the clear intent of the legislature in enacting the general statute, we think the law should be construed to give effect to such intent rather than to save a special statute which is in direct conflict therewith.

It has been held elsewhere that a saving clause which is inconsistent with the act is inoperative and void. *American Can Co.* v. *McCanless*, 183 Tenn. 491. And it has also been held that where there is a conflict a specific saving clause should not outweigh the legislative intent revealed by a broad view of the situation the legislature was dealing with. *Commonwealth* v. *Budd Realty Corp.*, 345 Pa. 343.

But there is another reason for our holding that the saving clause cannot be given the effect contended for by petitioners. When P. L. 1958, chap. 18, was enacted, the legislature by the enactment of P. L. 1956, chap. 3754, had in effect previously repealed that portion of P. L. 1927, chap. 1085, which provided the method of electing members of the board. Chapter 3754 was designed to give greater assurance that boards of canvassers throughout the state would be truly bipartisan by requiring the nomination and election of members thereof to be made from a list of five persons presented by the chairman of each political

party in every city or town. See *Powers ex rel. Peloquin* v. *Parenteau*, 86 R. I. 469. This act contained no saving clause and expressly provided that "all acts and parts of acts inconsistent herewith are hereby repealed." The petitioners contend that P. L. 1927, chap. 1085, is not inconsistent therewith. Such a contention is manifestly untenable.

We are therefore of the opinion that chap. 1085 was in effect amended by chap. 3754 and that in electing petitioners on February 24, 1959 the city council was bound to follow the method prescribed by such later enactment. We are also of the opinion that as a result of such amendment the saving clause in G. L. 1956, §17-1-5, does not affect the method of election provided in chap. 3754 since the phraseology in describing such method is substantially identical with that provided in G. L. 1956, §17-8-1.

For the reasons hereinbefore discussed we hold that in the election of members of the board of canvassers as well as in fixing their terms it was the intent of the legislature that the city or town council in each city or town should be governed by G. L. 1956, §§17-8-1 and 17-8-2, notwithstanding the provision of §17-1-5 thereof.

Hence we are of the opinion that since the city council did not comply therewith in electing the petitioners on February 24, 1959 their election was illegal and subject to be voided therefor. This disposes of both petitions with regard to membership on the board, and because such membership is a prerequisite to clerkship of the board it disposes also of petitioner Olson's petition regarding his election as clerk.

Each petition is therefore denied and dismissed, and on June 6, 1962 a decree in accordance with this opinion may be presented for entry by the court in each cause.

*Benedetto A. Cerilli, James L. Taft, Jr., Arthur C. Kreuter, Jr., Edward W. Day, Jr.,* for petitioners.

438

*Hoyt W. Lark,* for respondents.

*Charles A. Kelley,* City Solicitor; *Abraham Goldstein, Richard M. Casparian,* Assistant City Solicitors, for City of Cranston, as amicus curiae.