## Copenhaver v. Markle-Bullers Coal Company, Inc.

*Nicholas F. Lorenzo, Jr.*, for plaintiff.
*David C. Suckling* and *Suckling* and *Valasek*, for defendant.

HOUSE, *P.J.*, August 16, 1978—This case comes before the court on a motion brought by plaintiff, Ruth Copenhaver, under Pa.R.C.P. 4019(b) to compel defendant, Markle-Bullers Coal Company, to answer certain interrogatories to which defendant had objected. The facts show that plaintiff has filed a complaint in trespass alleging that defendant company has strip-mined 50 acres of coal owned by plaintiff.

The primary issue in the controversy concerns the ownership of the rights in the coal. Plaintiff claims ownership from a conveyance made to her by the heirs of W. A. Copenhaver by deed dated August 15, 1970, and recorded on April 16, 1971. Plaintiff asserts that W. A. Copenhaver purchased

title at a tax sale and received a tax deed dated March 5, 1957. Plaintiff admits, however, that the said tax deed was executed and delivered pursuant to order of this court on April 9, 1973, and was backdated to 1957. Defendant, on the other hand, claims title as a sub-lessee of a lease executed by Harry Wayne Reddinger and Gladys M. Reddinger, his wife. Defendant asserts, inter alia, that the Reddingers are the record owners of the land and coal rights and that the 50 acres described in the backdated Copenhaver deed do not underlie the Reddinger tract.

In her claim for damages, plaintiff asserts that under Pennsylvania common law and the majority rule of other jurisdictions, if defendant is liable only for an inadvertent trespass the damages should be measured by the value of the coal after extraction, i.e., the market value at the mouth of the mine or some other point, less the reasonable cost of production and transportation. However, should defendant be found liable for a wanton and willful trespass, as plaintiff alleges, damages should be measured the same way, but with no deduction for production and transportation costs. Pursuant to these claims, plaintiff filed interrrogatories requesting the sale price of the coal; to whom it was sold; its quality; and the cost of producing the coal.

Defendant objected to these interrogatories, arguing that plaintiff's method for measuring the damages is incorrect and such information is not needed to determine the appropriate damages. Defendant asserts that according to statute, in the case of an inadvertent trespass damages are measured by the value of the coal in place as evidenced by the royalty price, and in the case of wanton and willful trespass by doubling or trebling the royalty

value of the coal in place, thus making the information requested unnecessary. Defendant argues that this measure of damages is established by the Act of June 24, 1939, P.L. 872, 18 P.S. §4812, which was repealed by the Act of December 6, 1972, P.L. 1482, effective June 6, 1973. Defendant claims that this section applies to actions taken before its enactment, here, the strip mining operations conducted by defendant at various times from 1970 to 1972. Plaintiff argues that the repeal of the statute makes it inapplicable, thus requiring this court to apply some other measure of damages. The issue posed by the parties' positions is, therefore, whether 18 P.S. §4812 applies to set the damages in a case brought after its repeal concerning an alleged trespass occurring prior to its repeal.

## DISCUSSION

18 P.S. §4812 was enacted as part of The Penal Code of 1939, although a similar provision had been in effect since 1876. The section entitled "Larceny of coal and iron ore" sets criminal sanctions for knowingly and wrongfully taking the coal of another. In addition, the statute allows the owner of the coal to recover from the offender treble "the value of the coal" in the case of a wrongful taking and conversion, as alleged here. This is to be applied in a civil action. The applicability of the civil provision after its repeal is controlled by the Act of May 28, 1937, P.L. 1019, 46 P.S. §596 [see now 1 Pa.C.S.A. §1976], part of the Statutory Construction Act, which holds that "[t]he repeal of any civil provisions of a law shall not affect, or impair any act done, or right existing or accrued . . . under

the authority of the law repealed." Plaintiff's right of action accrued in 1971 and 1972, and this right cannot be taken away by the repeal of section 4812 since it is preserved under the provisions of the Statutory Construction Act.

Alternatively the repealing act, the Crimes Code of 1972, contains a "savings clause" that continues the former law in effect and "prosecutions for such offenses shall be governed by the prior law. . . . For the purposes of this section, an offense was committed prior to the effective date of this act if any of the elements of the offense occurred prior thereto." Act of December 6, 1972, sec. 2. Although it is not certain whether the civil damage provision of a criminal statute is to be included as an "offense" intended to be covered by the savings clause, it has been held that such a clause should be construed so as to give effect to the "intention of the Legislature which a broad view of the situation reveals." Com. v. Budd Realty Corp., 345 Pa. 343, 346, 28 A. 2d 132 (1942) (judgment affirmed, per curiam, on the opinion below.) Here the savings clause of the Crimes Code of 1972 is a brief paragraph that applies to all of the former Penal Code in effect before the effective date of the new Crimes Code. Under the former law, the knowing and wrongful taking of coal of another was an "offense" punishable criminally and/or through a civil action with enhanced damages. If proven, defendant's activity here constituted an "offense" under 18 P.S. §4812 (1939) and therefore the statute would continue in effect.

The applicability of this act, however, does not fully resolve the issue of the measure of damages and thus whether the interrogatories are material and relevant to plaintiff's case. Section 4812

applies only in the case of knowing and willful taking, and therefore would not supply a remedy in the case of an inadvertent taking. In addition, section 4812 only supplies the remedy of trebling "the value of the coal." How to measure this value is not discussed by the statute. It is necessary, therefore, to examine Pennsylvania law on this issue.

It is generally stated that damages are the value of the coal in place, measured by the royalty price if it is determinable. In Trustees of the Proprietors of Kingston v. Lehigh Valley Coal Company, 241 Pa. 469, 478, 88 Atl. 763 (1913), defendant coal company mined coal based on a lease executed by one who apparently owned a fee in the land. In fact, the apparent landowner owned only a long-term lease on the land, and plaintiff corporation held the reversionary rights. In deciding the question of the damages due plaintiff, the court said the proper method is:

"the fair value of the coal in place, and if there [is] evidence of that value, it [is] the duty of the trial judge to [so instruct] the jury. It is only in cases where there [is] no evidence of the actual value of the coal in place, that the courts [permit] the jury to find the value at the pit's mouth, deducting therefrom what it would cost to mine and transport it there."

In deciding on the proper measure of the value of the coal in place, the court said:

"Ordinarily the value of the coal in place is understood to mean its value in a state of nature; in other words, its acreage value in a solid body. . . . This primary rule should . . . prevail except in those cases in which by reason of the location of the coal,

its proximity to mining operations, or its accessibility to transportation facilities, it has a present market value on a royalty basis. . . . In the present case we think there can be no doubt that the coal land in question was so situated . . . that it had a royalty value as coal in place. The fact that it was leased and operated on a royalty shows conclusively it was available for the market upon this basis." Trustees of the Proprietors of Kingston v. Lehigh Valley Coal Company, 241 Pa. 469, 479-80 (1913).

This is the general rule for measuring the damages for a wrongful taking of coal. See Stark v. Pennsylvania Coal Co., 241 Pa. 597, 88 Atl. 770 (1913). See also 24 P.L.E. 226, §29. And it is the basic measure of valuation both for an inadvertent and for a willful trespass and taking. 18 P.S. §4812 does not change the measure of damages, but merely provides for trebling the damages in appropriate cases.

## CONCLUSION

In the case of an inadvertent trespass, damages are to be measured by the royalty price of the coal. In the case of a knowing and willful taking and conversion of the coal, damages are the royalty value trebled according to 18 P.S. §4812. Therefore, since the royalty price is the only item of information needed to measure or fix damages, plaintiff's motion to compel defendant to answer the interrogatories must be denied.

## ORDER

And now, August 16, 1978, after argument and submission of briefs, and for the reasons contained

in the annexed opinion, it is ordered, adjudged and decreed that plaintiff's motion to compel answers to interrogatories or to impose sanctions against defendant for failure to answer, is hereby refused and dismissed.