The STATE of Tennessee, etc., Appellant,

v.

DELINQUENT TAXPAYERS AS SHOWN ON 1972 REAL PROPERTY DELINQUENT TAX RECORDS OF The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, and more specifically described in Exhibit A, et al., Appellees.

Supreme Court of Tennessee.

Aug. 18, 1975.

James H. Harris, III, Metropolitan Atty., Nashville, for appellant.

Ames Davis, Waller, Lansden, Dortch & Davis, Nashville, for appellees.

## OPINION

HENRY, Justice.

To the extent of this appeal the sole issue in this controversy is the right of a delinquent taxpayer to maintain an action for tax relief without first paying the taxes under protest.

The base suit was filed by the Metropolitan Government of Nashville and Davidson County for the purpose of collecting real estate taxes for the year 1972 from various property owners. Appellees made no defense, but petitioned the Court for leave to discharge their tax lien by payment of the base tax, without the payment of penalty and interest. The basis of their request for the remission of the penalty and interest is that at the time the tax became due and payable, the property was mortgaged to secure payment of construction money. Appellees insist that they understood that these taxes were to be paid out of the mortgage escrow account. Subsequently, this loan was the subject of two successive transfers. On each occasion Chicago Title Company issued its policy of mortgage insurance and no reference was made to the tax liability for the year 1972.

The Metropolitan Government moved to dismiss pursuant to Rule 12.02(1), Tennessee Rules of Civil Procedure, for failure to comply with Sec. 67–2303 et seq., T.C.A., which it asserts is the exclusive remedy and requires payment of disputed taxes under protest as a condition precedent to relief.

The Chancellor entered an order requiring payment of the base tax and interest, but remitted the penalty. The Metropolitan Government has perfected its appeal.

## I.

Sections 67–2303 et seq., T.C.A., provide a full, complete, orderly and exclusive remedy for the taxpayer who conceives himself wronged by an improper exercise of the taxing power. This statutory scheme contemplates payment of disputed tax liability as a condition precedent to a suit for a refund. There is no statutory predicate for a suit for the forgiveness of taxes, penalty, or interest, and no case law in this jurisdiction supports such a procedure.

The statutory scheme provides, in clear and cogent language, that where proceedings are instituted for the collection of revenue due the municipality, the taxpayer:

> (s)hall, if he conceives the same to be unjust or illegal, or against any statute or clause of the Constitution of the state, *pay the same under protest.* (Emphasis supplied) Sec. 67–2303, T.C.A.[1]

The whole theory of this exclusive remedy for contesting tax liability is that tax revenues are the lifeblood of public corporate existence and public bodies may not be frustrated in the performance of essential governmental functions by postponements or delays in their collection. *Bank of Commerce and Trust Co. v. Senter,* 149 Tenn. 569, 260 S.W. 144 (1924).

In *Tidwell v. Goodyear Tire & Rubber Company,* 520 S.W.2d 721 (Tenn. 1975), we recognized the traditional power of courts of equity to relieve against forfeitures and penalties. Indeed this is a broad equitable power, but in a case such as this, it may only be invoked pursuant to payment under protest.

---

1. Sections 67–2303—67–2308, inclusive and Sections 67–2310—67–2312 are made applicable to municipalities, by § 67–2313.

The matter of the allowance of attorney's fees, as provided in Sec. 67–2008 T.C.A. will abide the decree of the Chancellor in the base suit.

Reversed.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.