**GRIFFITH MOTORS, INC.,**
Plaintiff-Appellant,

v.

**John K. KING, Commissioner, Department of Revenue, State of Tennessee, and Martha B. Olsen, Commissioner, Department of Revenue, State of Tennessee, Defendants-Appellees.**

Supreme Court of Tennessee.

Nov. 1, 1982.

John W. Emerson, Johnson City, for plaintiff-appellant.

J. Robert Walker, Asst. Atty. Gen., Nashville, for defendants-appellees; William M. Leech, Jr., Atty. Gen., of counsel.

## OPINION

BROCK, Justice.

The issue presented is whether or not a taxpayer who asserts the invalidity of a tax liability assessed against him may pay only a portion thereof under protest and then, without paying the balance asserted to be due, sue to recover the partial payment thus made.

T.C.A., § 67–2303, provides:

"In all cases where not otherwise provided in which an officer, charged by law with the collection of revenue due the state, shall institute any proceeding, or take any steps for the collection of the sum alleged or claimed to be due, by said officer, from any citizen, the person against whom the proceeding or step is taken shall, if he conceives the same to be unjust or illegal, or against any statute or clause of the Constitution of the state, pay the same under protest."

T.C.A., § 67–2305, is as follows:

"The person paying said revenue may, at any time within six (6) months after making said payment, and not longer thereafter, sue the said officer having collected said sum, for the recovery thereof."

The remedy afforded by the quoted statutes is exclusive. T.C.A., § 67–2310 and 67–2311; *State v. Delinquent Taxpayers as Shown, Etc.,* Tenn., 526 S.W.2d 453, 454 (1975); *Southern Coal Co. v. McCanless,* 183 Tenn. 457, 192 S.W.2d 1003 (1946).

We note that these statutes make no pretense of affording a remedy when only a partial payment of an asserted tax liability has been made. The provision for payment under protest purports to deal with "... the sum alleged or claimed to be due, ...." and the provision allowing a suit to recover taxes paid under protest refers to "said revenue," "said payment," and "said sum."

The Department of Revenue audited the taxpayer's records and issued a deficiency assessment against it in the sum of $49,501.92. This additional tax, penalty and interest became due in full on June 1, 1980. Negotiations between the taxpayer and the Director of the Division of Tax Enforcement of the Department of Revenue resulted in the execution by the parties of a written agreement whereby the taxpayer would be allowed to pay the assessment as follows: $1,000.00 to be paid immediately, $335.00 to be paid monthly for each of the following eleven months and for a final payment of $48,723.00. This agreement was executed on July 21, 1980.

At the time the instant action was filed against the Commissioner, the taxpayer had made only seven of these payments and as of October 14, 1981, had made a total of ten payments or a total sum of $4,015.00.

Upon motion of the Commissioner for a summary judgment the learned chancellor dismissed the action, holding that payment of the assessment in full was a condition precedent to the bringing of the suit. We agree with that conclusion and affirm his decree.

Other courts, construing other statutes, have concluded that payment of "taxes" means payment of taxes *in full.* Thus, in *Union Trust Co. of Rochester v. United States,* 70 F.2d 629 (1934) the court held that a statute limiting the time for the filing of a suit for a refund for alleged overpayment of federal estate taxes to "four years next after the payment of such tax" meant four years after the payment of the final installment since "payment of tax" would not occur until the whole tax was paid, the court being of the opinion that tax liability is unitary in nature and cannot be and is not discharged until paid in full. To the same effect, see *United States v. Clarke,* 69 F.2d 748 (1934).

Here, our statutes allow the taxpayer to file suit for a refund of taxes alleged to have been unjustly or illegally collected and paid under protest, provided action is brought within six months of payment. Nothing at all is said to indicate that such an action for a refund may be filed after payment of only a portion of the tax liability asserted. We think that the legislative intent obviously was to require payment of the whole tax liability asserted before an action may be instituted for collection of the refund. In the instant case, the taxpayer would have six months from the payment of his last installment under the written agreement between it and the Commissioner for suing for a refund.

The jurisdiction granted under these statutes cannot be enlarged by implication. *Hill v. Beeler,* 199 Tenn. 325, 286 S.W.2d 868 (1956). Suits for refunds are actually against the State of Tennessee and can be maintained only in the manner and upon the conditions consented to by the State. *Lyons v. Lay,* 179 Tenn. 388, 166 S.W.2d 778 (1942).

We adhere to the conclusion reached in *State v. Delinquent Taxpayers as Shown, Etc., supra,* as follows:

"Sections 67–2303 *et seq.,* T.C.A., provide a full, complete, orderly and exclusive remedy for the taxpayer who conceives himself wronged by an improper exercise of the taxing power. This statutory scheme contemplates payment of disputed tax liability as a condition precedent to a suit for a refund. There is no statutory predicate for a suit for the forgiveness of taxes, penalty, or interest, and no case law in this jurisdiction supports such a procedure." 526 S.W.2d at 454.

In conclusion, we hold that there is no authority for a taxpayer to pay only a portion of the tax liability assessed against him and then maintain a suit to litigate the entire assessment as the taxpayer attempts to do in this case. Accordingly, the decree of the Chancellor dismissing this action is in all things affirmed. Costs incurred upon appeal are taxed against the appellant and surety.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.