BOWATER NORTH AMERICA CORPORATION, Plaintiff-Appellee,

v.

Donald W. JACKSON, Commissioner of Revenue, State of Tennessee, Defendant-Appellant.

Supreme Court of Tennessee, at Nashville.

Feb. 19, 1985.

H. Rowan Leathers, III, Asst. Atty. Gen., Nashville, for defendant-appellant; W.J. Michael Cody, Atty. Gen. and Reporter, Nashville, of counsel.

F. Clay Bailey, Jr., Nashville, for plaintiff-appellee.

W. Ovid Collins, Jr., Nashville, for amicus curiae, Tennessee Manufacturer's Ass'n.

## OPINION

DROWOTA, Justice.

The taxpayer, Bowater North America Corporation, brought this suit against the Commissioner of Revenue for recovery of local sales taxes paid on industrial machinery. The Chancellor granted relief to the taxpayer and the Commissioner has appealed to this Court.

The issue in this case is whether the Legislature's exemption of industrial machinery from the state sales tax also exempts the property in question from the local option sales tax. The lawsuit involves a construction of the 1963 Local Option Revenue Act, T.C.A. §§ 67–6–701 et seq. and T.C.A. § 67–6–206(a), as amended in 1980, which exempted industrial machinery from all state sales taxes as of July 1, 1983.

The facts were stipulated and are not in dispute. Plaintiff is a foreign corporation duly qualified to do business in Tennessee with its principal Tennessee office located in Calhoun, Tennessee. Bowater was assessed local sales and use taxes by the Commissioner of Revenue for the period of July, 1983 through March, 1984. The taxpayer was assessed $101,321.58 for this period, pursuant to T.C.A. §§ 67–6–702(a)(1), (b) and § 67–6–710.

The Plaintiff takes the position that industrial machinery is exempted from both state and local taxation of industrial machinery by T.C.A. § 67–6–206(a). That section, as amended in 1980, operated to phase out the state sales tax on industrial machinery by providing that

notwithstanding other provisions of this chapter, tax imposed with respect to in-

dustrial machinery as defined in § 67–6–102 shall be at the following rate:

(1) July 1, 1980—June 30, 1981— .75%

(2) July 1, 1981—June 30, 1982— .50%

(3) July 1, 1982—June 30, 1983— .25%

(4) On and after July 1, 1983, no tax is due with respect to industrial machinery.

Plaintiff argues that the Legislature intended to exempt industrial machinery from both the state tax and the local option sales tax. It further argues that the privileges which local governments may tax are restricted to those taxed by the State and the amount of the local option tax is restricted to a certain fraction of the state tax. T.C.A. § 67–6–702(a)(1). It is also the position of the Plaintiff that the Legislature intended to encourage manufacturing and industrial development and that subjecting industrial machinery to the local option sales tax would frustrate that purpose.

The Defendant argues that the local option sales tax is separate and distinct from the state sales tax, and that the collection of the local tax is not dependent on the existence of a similar state sales tax. The Commissioner concedes that the 1980 amendment was intended to encourage industrial development by phasing out the tax on industrial machinery. However, the Commissioner argues that the revenue needs of local governments which gave rise to the local option sales tax override the policy of encouraging industrial development. He maintains that the fact that the local option sales was not explicitly repealed indicates the Legislature intended to maintain the local option tax on industrial machinery.

Our reading of the statutes in question reveals a clear legislative intent to remove *all* sales taxes on industrial machinery. As previously indicated, T.C.A. § 67–6–206(a) provides that "[o]n and after July 1, 1983, *no tax is due with respect to industrial machinery.*" (emphasis added). The Commissioner tells us that the "words of a statute should be taken in their ordinary

sense without any forced or subtle construction," citing *Hall Contracting Corp. v. Tidwell*, 507 S.W.2d 697 (Tenn.1974). We are in complete agreement. We believe the Legislature meant that no tax is due with respect to industrial machinery when it said: "no tax is due with respect to industrial machinery."

In addition, it is apparent that a "local option" tax contemplates taxation of a privilege that is already subject to state taxation. T.C.A. § 67–6–702 and the Department of Revenue Rules support this interpretation. In a 1980 publication entitled "Tennessee Sales and Use Tax Laws," the Department of Revenue states that the Local Option Revenue Act authorizes local governments "to levy a tax on the same privileges subject to the Retailers' Sales Tax Act.... Tangible personal property which is per se exempt from the state sales and use tax is exempt from the local option tax." We agree.

T.C.A. § 67–6–206, as amended, embraces by its specific language, or at least by clear implication, both the state sales tax and the local option tax on industrial machinery. Accordingly, the judgment of the Chancellor in favor of the Plaintiff is affirmed. Costs of this appeal shall be taxed to the Defendant.

COOPER, C.J., FONES and BROCK, JJ., and SHRIVER, Special Justice, concur.