OPINION
HARBISON, Justice.
In this post-conviction proceeding appellant challenges as “disproportionate” his life sentence as a recidivist following his twenty-third felony conviction. We find no merit to this contention and affirm the judgment of the Court of Criminal Appeals which had upheld the sentence.
The challenge to the life sentence is based upon the decision of the United States Supreme Court in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The State relies upon the earlier case of Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and we agree with the courts below that the principles followed in that decision are controlling.
This appeal arises out of appellant’s second post-conviction petition. He was originally convicted of forgery in the Criminal Court of Sullivan County on November 4, 1981 pursuant to an indictment returned in February 1981. He was charged with having forged the date, payee, amount and endorsement on a check in the amount of $65, in violation of T.C.A. § 39-3-802. He was charged in a second count with the separate offense of transferring forged paper in violation of T.C.A. § 39-3-804, but prosecution on this count was voluntarily dismissed. In the third count of the indictment he was charged with being an habitual criminal, the indictment listing twenty-two separate previous felony convictions commencing in February 1969 and running through March 1978. Twenty of these were for forgery, with sentences ranging from eleven months and twenty-nine days in the county jail up to two years in the state penitentiary. He had also been convicted for an attempt to commit burglary and for passing a forged instrument. In his brief in this Court, his counsel also makes reference to a prior conviction in the federal courts for interstate transportation of stolen property, but we do not find any documentary evidence in the record with reference to that offense.
At his trial for forgery on November 4, 1981, the jury found appellant guilty and sentenced him to thirty days in the county jail. It then found him guilty on the habitual criminal count of the indictment, and his punishment was enhanced to a life sentence pursuant to T.C.A. §§ 39-1-801 to -807.
Appellant sought review of his conviction and sentence in the Court of Criminal Appeals, and that Court affirmed on August 25,1982. In November 1982 appellant filed a post-conviction petition in the Criminal Court of Sullivan County, alleging that the thirty-day sentence which he had received was insufficient to activate or “trigger” the habitual criminal statute and also alleging ineffectiveness of counsel. After an evidentiary hearing, this petition was dismissed on its merits, and the dismissal was affirmed on review in the Court of Criminal Appeals.
While the case was pending in that court, however, the decision of the United States Supreme Court in Solem v. Helm, supra, was rendered, and appellant sought review of his sentence in the Court of Criminal Appeals under the principles stated in that case. The Court of Criminal Appeals pre-termitted the issue since the question of proportionality had not been presented to the trial judge.
On January 27, 1984 the present post-conviction petition was filed, challenging the sentence as disproportionate as a matter of law. No mitigating facts or circumstances were alleged. Certified copies of the indictment and of the original order reflecting the jury verdict are contained in the record. The indictment lists the twenty-two previous felony convictions in the Sullivan County Criminal Court at Blount-ville upon which the State relied to establish that appellant was a recidivist subject to the habitual criminal statutes.
*312 The trial judge dismissed the post-conviction petition without an evidentiary hearing, since the record evidence established the numerous felony convictions covering a nine-year period from 1969 to 1978, prior to the instant conviction occurring in 1981. He found that a life sentence in view of that criminal record was not disproportionate, and the Court of Criminal Appeals affirmed. There has been no suggestion that an evidentiary hearing would have been appropriate in the trial court or that appellant has not been permitted to present extenuating factual information. The record on appeal, however, does not contain a transcript of the original trial at which appellant was convicted, so that it is not possible to know any of the circumstances of the offense for which he was convicted other than the allegations of the indictment referred to above. Nor does the record contain any information concerning the circumstances of any of the other prior convictions, other than the docket numbers and sentences imposed. Apparently they were imposed at eight different trials or hearings beginning on February 28, 1969 and ending on March 23, 1978. On three of those occasions there were single convictions. On the other five there were two or more, ten of them occurring on April 18, 1974 and five on October 25, 1974.
The contention of appellant is that a life sentence following a felony conviction for which the jury imposed only a thirty-day jail sentence is disproportionate and constitutes cruel and unusual punishment within the meaning of the Eighth Amendment to the United States Constitution and its counterpart in the Tennessee Constitution, Art. I, § 16. If nothing else appeared in the record, of course, this contention would have plausibility. When, however, the record shows that the conviction is the twenty-third felony, twenty others of which were for the same offense of forgery, it would appear that if the concept of punishing a recidivist by removing him from society for a substantial period of time has any validity whatever, it would be appropriately applied in this case.
In three reported opinions the Court of Criminal Appeals has examined in depth the decision of the United States Supreme Court in Solem v. Helm and has compared the Tennessee recidivist statutory provisions with those of South Dakota which were under review in the Solem case. See State v. Cole, 665 S.W.2d 407 (Tenn.Crim.App.1983); State v. Hall, 667 S.W.2d 507 (Tenn.Crim.App.1983); State v. Freeman, 669 S.W.2d 688 (Tenn.Cr.App.1983). This Court denied review in the first two of these cases, and review apparently was not sought in the third.
It is not necessary here to repeat the discussions contained in those opinions. The Tennessee recidivist statute does not make punishment as an habitual criminal applicable to every felony conviction as did the Texas and South Dakota statutes reviewed in Rummel and Solem, supra. It only applies to a fourth conviction. At least two of the three prior convictions must be for statutorily specified crimes, all of them of a serious nature, and the fourth, or “triggering,” offense must also be of that category. See Evans v. State, 571 S.W.2d 283 (Tenn.1978); T.C.A. § 39-1-803. Although some of the specified offenses do not involve violence, the General Assembly has selected crimes which it obviously deems to be the most serious or those which are more likely to be repeated. Unlike the statutes involved in the Solem case, the Tennessee statutes do not authorize a life sentence upon conviction of the passing of a worthless check. Forgery, however, is defined as:
“... the fraudulent making or alteration of any writing to the prejudice of another’s rights.” T.C.A. § 39-3-802.
It is generally considered to be a more serious offense than the giving of a worthless cheek and is so treated in the recidivist statutes.
A person convicted as a recidivist in this state is not confined for life without possibility of parole as was the case in Solem, supra. A person so convicted is eligible for parole after serving thirty years. T.C.A. § 40-28-116(b)(l). While this period *313 is longer than that provided in the Texas statutes which were upheld in the Rummel case, supra, four convictions are required in Tennessee while only three were required in Texas, and three of the four Tennessee convictions must be of a specified character, while they need not be in Texas.
In the Solem case, the Supreme Court of the United States indicated that only rarely would any sort of comparative analysis or “proportionality” review be required by an appellate court in reviewing a sentence within statutory limits. In a footnote the following statement was made:
“Contrary to the dissent’s suggestions ..., we do not adopt or imply approval of a general rule of appellate review of sentences. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.” 103 S.Ct. at 3009.
In the Solem case the Supreme Court set aside a life sentence without possibility of parole for a seventh nonviolent felony, the triggering offense being the giving of a worthless check. In Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), however, the Court held that a mandatory life sentence imposed upon the defendant for a third nonviolent felony did not violate the provisions of the Eighth Amendment where he would have become eligible for parole in approximately twelve years. It is also apparent that in the So-lem case the fact that the accused was shown to be suffering from alcoholism and that this was related to his criminal activity was a factor in the decision.
The majority in the Solem case held that the facts presented there were “clearly distinguishable” from those in Rummel, stating:
“... our conclusion today is not inconsistent with Rummel v. Estelle.... Rummel should not be read to foreclose proportionality review of sentences of imprisonment. Rummel did reject a proportionality challenge to a particular sentence _ Here the facts are clearly distinguishable. Whereas Rummel was eligible for a reasonably early parole, Helm at age 36, was sentenced to life with no possibility of parole.” 103 S.Ct. at 3016-3017.
In Moreno v. Estelle, 717 F.2d 171, 179-181 (5th Cir.1983), cert. denied 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984), it was held that where the facts of a case are not clearly distinguishable from those in the Rummel case, supra a proportionality analysis may not even be required. There the defendant was eligible for parole after twenty years.
Similar challenges under the Solem case, supra were rejected in Alabama in cases involving multiple forgeries or transferring of forged paper. See Brooks v. State, 456 So.2d 1142 (Ala.Crim.App.1984); and Williams v. State, 456 So.2d 852 (Ala.Crim.App.1984).
In our opinion the facts in this case are not distinguishable from those in the Rum-mel case, except that they are considerably more aggravated from the standpoint of society. Forgery is a serious offense, and it is obvious from the record that appellant is guilty of repeated offenses of this character to the point that he probably could be regarded as a professional. Certainly he appears to be incorrigible. The amounts involved in the previous transactions are not shown in the record nor, as previously stated, are the circumstances surrounding the conviction involved here. It is obvious that the jury extended leniency at the convicting trial, but this does not remove the case from the category of felony or render the recividist statutes inapplicable.. See *314 State v. Smith, 584 S.W.2d 811 (Tenn.Crim.App.1979).
Nothing in the record indicates why the recidivist statutes had not been invoked previously in view of this appellant’s repeated offenses. Of course this could have been the result of plea agreements or simply of leniency on the part of the prosecuting authorities. At some point, however, the limits of tolerance of society and of the criminal justice system are reached. The statutes only require a fourth offense. Certainly a twenty-third offense of a major nature, even though nonviolent, is well beyond those limits.
The judgment of the Court of Criminal Appeals is affirmed at the cost of appellant.
COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.