## JACK DANIEL DISTILLERY, LEM MOTLOW PROP., INC., Appellant,

v.

## Martha OLSEN, Commissioner of Revenue, State of Tennessee, Appellee.

Supreme Court of Tennessee,
at Nashville.

Sept. 8, 1986.

Paul S. Parker, A. Scott Derrick, Dodson, Harris, Robinson & Aden, Nashville, for appellant.

J. Robert Walker, Asst. Atty. Gen., W.J. Michael Cody, Atty. Gen., for appellee.

## OPINION

COOPER, Justice.

The issue in this appeal is whether the filing of a complaint attacking the legality of tax rates within six months of the first payment of the tax made under protest is sufficient to recover all subsequent assessments paid under protest. The chancellor held that it was not, that payment for each tax period was the basis for a separate action and that suit for the recovery of each tax payment must be filed within the time allowed by T.C.A. § 67–1–903. We agree.

This action was filed on February 18, 1981. In the original complaint, the plaintiff alleged that the local option sales tax rate on industrial machinery, water, and farm machinery and equipment had been reduced, ultimately to be eliminated, by Chapter 871 of the Public Acts of 1980, now codified at T.C.A. § 67–6–206(a). The plaintiff alleged that it had been assessed for local sales taxes for July, 1980, and had paid the tax under protest on September 18, 1980. The plaintiff also alleged payment of subsequent unspecified amounts under protest "following July, 1980, through the date of the Complaint." The prayer in the complaint was for the recovery of "the initial payment of tax, penalty and interest made under protest and the

appropriate portion of all subsequent payments made under protest."

Several amendments were made to the complaint. Two of which are of material interest. In the first, filed on January 4, 1984, and titled "Second Amended Complaint," the plaintiff sought recovery of all payments of taxes under protest from the initial July, 1980, tax period to the payment for October, 1983. In the second amendment, which was filed by agreement on March 22, 1985, the plaintiff claimed recovery of specified tax payments for the November, 1983, tax period to that of January, 1985, the latter being paid on February 15, 1985.

In the several answers filed, the state admitted the payments of taxes under protest, but asserted that the plaintiff had not timely filed its claim for the recovery of many of the payments, and, in addition, that the court lacked jurisdiction to adjudicate payments made after January 1, 1985.

While the action was pending, this court decided *Bowater North American Corp. v. Jackson,* 685 S.W.2d 637 (Tenn.1985), and held that T.C.A. § 67-6-206(a), as amended in 1980, operated to phase out both the state sales tax and the local option sales tax on industrial machinery. Citing *Bowater,* the chancellor held that the plaintiff was entitled to recover taxes paid under protest within six months of the filing of the lawsuit and each subsequent amendment. The chancellor also held that T.C.A. § 67-1-903 barred the recovery of payments made more than six months prior to each amendment and that the chancery court lacked subject matter jurisdiction over taxes paid in 1985.[1] Accordingly, an order was entered granting plaintiff a judgment in the amount of $30,214.06 plus interest.

Suits for tax refunds are suits against the state and can be maintained only in the manner and upon the conditions consented to by the state. *Griffith Motors, Inc. v. King,* 641 S.W.2d 200, 201

(Tenn.1982); *Lyons v. Lay,* 179 Tenn. 388, 166 S.W.2d 778 (1942). At the time this action accrued, T.C.A. §§ 67-1-901, *et seq.* provided the exclusive remedy by which a taxpayer could contest an allegedly improper assessment by the commissioner. T.C.A. § 67-1-908. "That remedy [was] payment of the tax under protest and suit for recovery." *Dominion National Bank v. Olsen,* 651 S.W.2d 215, 216 (Tenn.1983). T.C.A. § 67-1-903 places a limitation of six months on an action to recover taxes paid under protest.

The persons paying said revenue may, at any time within six (6) months after making said payment, and not longer thereafter, sue the said officer having collected said sum, for the recovery thereof.

The theory for requiring payment of taxes under protest is succinctly stated in *Volunteer Structures, Inc. v. Olsen,* 640 S.W.2d 221, 222 (Tenn.1982).

"[T]he apparent purpose for the single [judicial] remedy for illegal tax collections is manifest. The state has no money except such as it receives by way of taxation. Its expenditures must be governed by legislative appropriations, which in turn must be based upon budgetary estimates. Such budgetary estimates are predicated upon projections of revenues. If tax collections are to be placed in jeopardy the state's fiscal officers must be made aware of that fact from the moment of collection, to the end that there may be an impoundment of amounts sufficient to pay judgments without imperiling legislatively ordained programs."

As pointed out by the state, the requirement that a potential claim against specific funds must be asserted within six months furthers this purpose inasmuch as impoundments can be released upon the expiration of the six month period if no claim is actually filed to recover the taxes paid.

---

1. Effective January 1, 1985, the Tennessee Claims Commission has exclusive jurisdiction over "[c]laims for recovery of taxes collected or administered by the state." T.C.A. § 9-8-307(a)(15); *see also* 1985 Public Acts, Chap. 105.

Otherwise, taxes paid under protest could be in a state of suspense indefinitely.

Plaintiff insists that it complied with the time limitation set forth in T.C.A. § 67–1–903 by filing the original complaint within six months of the initial payment under protest and by praying for the refund of "all subsequent payments made under protest." A fair reading of the complaint indicates that the language "all subsequent payments made under protest" referred to the unspecified monthly tax payments "through the date of this Complaint" rather than to payments in the future as now contended by the plaintiff. But, in any event, as noted by the chancellor "the plaintiff cannot sue to recover taxes not yet paid." As stated by the court in *State v. Delinquent Taxpayers As Shown, Etc.,* 526 S.W.2d 453, 454 (Tenn.1975):

> ... [the] statutory scheme contemplates payment of disputed tax liability as a condition precedent to a suit for a refund. There is no statutory predicate for a suit for the forgiveness of taxes, penalty, or interest, and no case law in this jurisdiction supports such a procedure.

■ Each payment of a tax assessment under protest is a separate claim and suit must be filed for recovery within six months of payment.

■ In the course of this suit, plaintiff amended his complaint on two occasions to seek recovery of the later payments of taxes under protest. The amendments were effective to cover the payments during the six month period just prior to the date of filing of an amendment. However, it would be illogical to conclude that recovery of taxes paid under protest could be had by way of an amendment when a separate suit to recover the same tax payment would be barred. It also would be contrary to the expressed legislative intent that claims for the recovery of taxes paid under protest are barred unless suit is filed within six months of payment.

The state has called attention to the fact that the May 19, 1981, tax payment was made more than six months before the amendment seeking recovery of the tax and, consequently, it was error for that payment to be included in plaintiff's recovery. The judgment of the chancellor allowing recovery of listed tax payments will be modified to delete the recovery of the May 19, 1981, payment. As modified, the judgment will be affirmed. The cause is hereby remanded for entry of the modified judgment. Costs of the appeal are adjudged against appellant and its surety.

BROCK, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.