**Samuel J. ANGEL, d/b/a Pikeville Package Store, and Dee Angel, d/b/a Ease In Ease Out Package Store, Plaintiffs-Appellants,**

v.

**Donald W. JACKSON, Commissioner of Revenue, State of Tennessee, Defendant-Appellee.**

Supreme Court of Tennessee, at Knoxville.

Feb. 9, 1987.

J. Arnold Fitzgerald, Dayton, for plaintiffs-appellants.

W.J. Michael Cody, Atty. Gen., Daryl J. Brand, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

HERSCHEL P. FRANKS, Special Justice.

Plaintiffs' suit to enjoin the commissioner from collecting taxes assessed upon plaintiffs' businesses for the sale of alcoholic beverages was dismissed by the trial court. The judge held he was without subject matter jurisdiction,[1] but issued an order enjoining the commissioner from forcing payment of the taxes pending this appeal.

According to the complaint, plaintiffs own two package stores in Bledsoe County, which "are licensed to sell drinks that are not mixed on the premises." Pursuant to T.C.A., § 67–4–410, the commissioner assessed a gross receipts tax on the sale of alcoholic beverages and demanded payment of taxes in the amount of $3,817.17 from Pikeville Package Store and $2,587.86 from the Ease In Ease Out Package Store.

Plaintiffs strenuously deny owing any taxes under T.C.A., § 67–4–410, insisting the statute is not applicable to their business operations because they are not selling mixed drinks or set-ups, and further argue they are entitled to a permanent

---

1. The trial judge expressly relied upon T.C.A., § 9–8–402(a), which provided at the time of trial:

    [T]he entire disputed amount of tax, penalty and interest must be paid under protest before any action can be filed contesting the assessment of any tax. The claim for recovery of taxes must be filed with the Claims Commission within six months of the payment under protest. This is the sole and exclusive jurisdiction for determining tax liability, except that the role of the Board of Equalization in determining questions of valuation concerning certain state taxes shall remain unchanged. No writ for the prevention of the collection of any revenue claimed, or to hinder and delay the collection of the same, shall in anywise issue, either injunction, supersedeas, prohibition, or any other writ or process whatever; but in all cases in which, for any reason, any person shall claim that the tax so collected was wrongfully or illegally collected, the remedy for said party shall be as herein provided, and in no other manner.

injunction enjoining the commissioner from collecting these taxes.

When this action was filed in September of 1985, the Tennessee Claims Commission had the sole and exclusive jurisdiction for determining tax liability.[2] However, plaintiffs argue T.C.A., § 9–8–402[3] is inapplicable to this action because the assessments in dispute are for the years 1982 through 1984 and, since the Tennessee Claims Commission only had jurisdiction to hear claims arising on or after January 1, 1985, they are entitled to maintain this action.

■ Assuming, *arguendo*, the correctness of plaintiffs' contentions, which are not set forth in the complaint, under prior law no writs in equity were available to hinder the collection process. *See* T.C.A., § 67–1–901, *et seq.*[4] This court has repeatedly held in construing prior statutes that the statutory remedy available in tax controversies is the exclusive remedy. *Jernigan v. Jackson*, 704 S.W.2d 308 (Tenn. 1986); *Carter v. Olsen*, 660 S.W.2d 483 (Tenn.1983); *Dominion Nat. Bank v. Olsen*, 651 S.W.2d 215 (Tenn.1983); *Griffith*

*Motors, Inc. v. King*, 641 S.W.2d 200 (Tenn.1982); *Fentress Cty. Bank v. Holt*, 535 S.W.2d 854 (Tenn.1976); *American Can Co. v. McCanless*, 183 Tenn. 491, 193 S.W.2d 86 (1946). Moreover, for jurisdictional purposes, a claim for recovery of taxes is deemed to arise on the date of payment of the taxes under protest. T.C.A., § 9–8–307(a)(19)(B).

As was pointed out in *State v. Delinquent Taxpayers As Shown, Etc.*, 526 S.W.2d 453 (Tenn.1975):

Sections 67–2303 et seq., T.C.A., [now T.C.A., § 67–1–901, et seq.,] provide a full, complete, orderly and exclusive remedy for the taxpayer who conceives himself wronged by an improper exercise of the taxing power. This statutory scheme contemplates payment of disputed tax liability as a condition precedent to a suit for a refund....

The whole theory of this exclusive remedy for contesting tax liability is that tax revenues are the lifeblood of public corporate existence and public bodies may not be frustrated in the performance of essential governmental functions

2. In Public Acts 1986, ch. 749, codified at T.C.A., § 67–1–1801, *et seq.*, the legislature established a new procedure for litigating disputed taxes. The Tennessee Claims Commission was divested of jurisdiction. The Act provides subject matter jurisdiction of these suits "shall lie in chancery court in either Davidson County or in the county of the taxpayer's domicile or in which the taxpayer has his principal place of business." T.C.A., § 67–1–1803. The procedure authorized by T.C.A., § 67–1–1801(a) and (b) is applicable to assessments made "on or after January 1, 1987." Public Acts, 1986, ch. 749, § 22.

3. T.C.A., § 9–8–402(a) now provides, in pertinent part:

[T]he entire disputed amount of tax, penalty and interest must be paid under protest before any action can be filed contesting the assessment of any tax. The claim for recovery of taxes must be filed with the claims commission within six (6) months of the payment under protest. This is the sole and exclusive jurisdiction for determining tax liability, except that any tax collected or administered by the commissioner of revenue shall be contested according to the provisions of Acts 1986, ch. 749. No writ for the prevention of the collection of any revenue claimed, or to hinder and delay the collection of the same, shall in anywise issue, either injunction, supersedeas, prohibition, or any other writ or

process whatever; but in all cases in which, for any reason, any person shall claim that the tax so collected was wrongfully or illegally collected, the remedy for that party shall be as herein provided, and in no other manner.

4. T.C.A., § 67–1–901:

In all cases where not otherwise provided in which an officer, charged by law with the collection of revenue due the state, shall institute any proceeding, or take any steps for the collection of the sum alleged or claimed to be due, by said officer, from any citizen, the person against whom the proceeding or step is taken shall, if he conceives the same to be unjust or illegal, or against any statute or clause of the Constitution of the state, pay the same under protest.

.    .    .    .    .

T.C.A., § 67–1–909:

No writ for the prevention of the collection of any revenue claimed, or to hinder and delay the collection of the same, shall in anywise issue, either injunction, supersedeas, prohibition, or any other writ or process whatever; but in all cases in which, for any reason, any person shall claim that the tax so collected was wrongfully or illegally collected, the remedy for said party shall be as above provided, and in no other manner.

Public Acts 1986, ch. 749, amended these provisions.

by postponements or delays in their collection. 526 S.W.2d, at 454.

The commissioner's assessment is presumed valid and correct and the burden is on the taxpayer to establish the assessment is erroneous or illegal. *Edmonson Mgt. Service, Inc. v. Woods,* 603 S.W.2d 716 (Tenn.1980); *Howard v. United States,* 566 S.W.2d 521 (Tenn.1978). Thus, the commissioner's demand for taxes should not be halted pending a dispute with a taxpayer. The statutes provide an adequate remedy for the aggrieved taxpayer confronted by an unjust or illegal claim for taxes. *Fort v. Dixie Oil Co.,* 170 Tenn. (6 Beeler) 183, 93 S.W.2d 1260 (1936).

In the instant case, the commissioner has concluded plaintiffs have been serving alcoholic beverages and are liable for the taxes. Whether plaintiffs owe these taxes is essentially an issue of fact which may be determined after the taxes are paid. T.C.A., § 9-8-402. Under the statutes applicable to this action, the trial judge properly dismissed the suit. The judgment of the trial court is affirmed, the restraining order pending appeal is dissolved, and costs incurred on appeal are assessed to plaintiffs.

BROCK, C.J., and DROWOTA, FONES and HARBISON, JJ., concur.