IN THE COURT OF APPEALS OF TENNESSE

EASTERN SECTION AT KNOXVILLE

FILED

January 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DEROYAL INDUSTRIES, INC., | ) | |
| | ) | CLAIBORNE CHANCERY |
| Plaintiff/Appellee, | ) | |
| | ) | NO. 03A01-9708-CH-00328 |
| v. | ) | |
| | ) | HON. BILLY JOE WHITE |
| RUTH E. JOHNSON, | ) | CHANCELLOR |
| COMMISSIONER OF REVENUE, | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendant/Appellant | ) | VACATED |

John Knox Walkup and Sean P. Scally, Nashville, for the Appellant.

Dale C. Allen and H. Bruce Guyton, Knoxville, for the Appellee.

**O P I N I O N**

INMAN, Senior Judge

This is a sales tax deficiency case. The taxpayer filed a determinative action in the Chancery Court of Claiborne County against the Commissioner of Revenue, who filed a motion to dismiss alleging improper venue. The motion was denied, and the case proceeded to judgment. The Commissioner appeals, insisting, *inter alia,* that the Chancellor erred in holding that Claiborne County was a proper venue.

The plaintiff was granted a Charter by the State in 1978. According to the Charter, its corporate, registered and principal address is "DeRoyal Industries, Inc., 200 DeBusk Lane, Powell, Tennessee, 37849."[1]

The plaintiff sells equipment to the health care industry, and conducts its

---

[1] Powell is situated in Knox County.

business in various counties within Tennessee and elsewhere in the several states. According to John Sharp, the treasurer and corporate controller of the plaintiff, who described the various corporate divisions of the plaintiff, the corporate division, situated in Powell, Tennessee, is responsible for "sales, general and administrative functions, marketing people, human resources, finances, information systems, all of the administrative support, all of the marketing support, and the sales support."

Following an audit by the Department of Revenue, a Notice of the Assessment was issued to the plaintiff, which had purchased certain equipment allegedly used in the manufacturing process and therefore exempt from sales tax. The accuracy of the assessment is challenged by the plaintiff in this litigation.

T.C.A. § 67-1-1803(a) provides:

> "The subject matter jurisdiction shall be and the venue of suits filed pursuant to Acts 1986, Ch. 749 [T.C.A. § 67-1-1080, *et. seq.*] shall lie in the Chancery Court of either Davidson County or in the county in Tennessee of the taxpayer's domicile or in the county in which the taxpayer has the taxpayer's place of business in Tennessee."

Because tax suits implicate state sovereignty, they "can be maintained only in the manner and upon the conditions consented to by the State." *Jack Daniels Distillery, Inc. v. Olsen,* 716 S.W.2d 496 (Tenn. 1986).

The appellee argues that since its principal place of business in Tennessee is in Claiborne County, where "most of its manufacturing and fabricating processes take place," and that 'domicile' is not the same as 'principal place of business,' its selection of Claiborne County as a venue for filing this action was proper.

The Commissioner argues that the taxpayer's principal place of business is Powell, Tennessee, within the meaning of T.C.A. § 67-1-1803(a). We agree.

In *Express Co. v. Patterson,* 122 Tenn. 279 (Tenn. 1904), the Supreme Court ruled that the term "principal office or place of business" means 'especially in connection with taxation,' the domicile of the corporation, citing *Grundy County v. T. C. I. Railroad Co.,* 94 Tenn. 308 (Tenn. 1894). The Court added:

> "The residence or 'domicile' of a corporation under our statute is the county where the Charter is registered . . . and it is *the place where the governing power of the corporation resides and is exercised, and not the place where its ordinary business is conducted.*"

The judgment is vacated and the suit is dismissed without prejudice. The remaining issue involving the authority of the Commissioner to compromise a tax dispute without the written concurrence of the Comptroller and Attorney General is pretermitted.

Costs are assessed to the appellee.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge


_____
Don T. McMurray, Judge