# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 22, 2014 Session

## NASHVILLE METRO GOVERNMENT v. NEW ORLEANS MANOR, INC., ET AL.

### Appeal from the Chancery Court for Davidson County
#### No. 12368I    Claudia Bonnyman, Chancellor

### No. M2013-00706-COA-R3-CV - Filed July 16, 2014

Metropolitan Government filed suit for recovery of delinquent real property taxes on property leased by the Metropolitan Nashville Airport Authority. Taxpayers filed a motion to dismiss the proceeding, asserting that its obligation to pay taxes arose from its lease obligation and was extinguished when the Airport Authority released taxpayers from all obligations under the lease. Metropolitan Government moved for summary judgment on the ground, *inter alia*, that the taxpayers did not have standing to challenge the taxes because they had failed to pay the tax under protest as required by Tenn. Code Ann. § 67–1-901; the trial court granted the motion. We affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P. J., M. S., and ANDY D. BENNETT, J., joined.

Connie Reguli, Brentwood, Tennessee, for the appellants, Iona Senecal and New Orleans Manor, Inc.

Saul Solomon and J Brooks Fox, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

## OPINION

The Metropolitan Nashville Airport Authority ("MNAA") entered into a lease agreement with New Orleans Manor, Inc., and Iona Senecal ("Lessees") on December 21, 1977, for property located at 1400 Murfreesboro Pike, Nashville. Lessees remained in possession of the premises until sometime in 2010, at which time MNAA instituted an action in Davidson County General Sessions Court against New Orleans Manor, Inc., to recover

unpaid rent. On August 26, 2010, MNAA, New Orleans Manor, Inc., and Ms. Senecal signed a General Release which stated in pertinent part:

> Metropolitan Nashville Airport Authority, in consideration of the sum of ten thousand Dollars ($10,000) . . . does hereby release and forever discharge the New Orleans Manor, Inc., . . . and Iona Senecal . . . from any and every right, claim or demand which it may have or might otherwise hereafter have against them, either jointly or severally on account of, connected with or growing out of the following matters and things:
>
>> The lease agreement entered into December 21st, 1977 and all amendments made thereafter between the parties named above.

The General Sessions Court entered an order on that same day dismissing with prejudice all claims against New Orleans Manor, Inc.[1]

On March 9, 2012, the Metropolitan Government of Nashville and Davidson County ("Metro") filed a complaint against delinquent taxpayers to recover unpaid property taxes; taxes for 2008, 2009 and 2010 were sought against Lessees. On July 2 Metro moved for a default judgment and on July 6 Ms. Senecal responded to the motion asserting, *inter alia*, that her obligation to pay taxes on the property was solely derived from the lease with MNAA and that the release executed in August 2010 released her from payment of the taxes; she moved to dismiss the complaint on the same ground.[2] The record does not show that an order was entered on either motion.

On October 30, 2012, Metro filed a motion for summary judgment, asserting the following ground:

> Because the lessee's interest in land must be assessed against the owner of the lease, Tenn. Code Ann. § 67-5-502(d), -605, and because Defendants failed to pursue any available administrative remedies, and because the disputed tax has not been paid under protest under Tenn. Code Ann. § 67-1-901, then the

---

[1] Ms. Senecal was not named as a party in the General Sessions Court action.

[2] In the response to the motion for default, counsel for Ms. Senecal advised that New Orleans Manor, Inc., was administratively dissolved in August 2010. The judgment in Chancery Court was entered against New Orleans Manor, Inc., and Iona Senecal; this appeal is being prosecuted by Iona Senecal.

Defendants are liable for the taxes owed and do not have standing to challenge the taxes at this late date.

The motion was supported by the affidavit of Jessica Davey, Deputy Tax Accountant for Davidson County, the affidavit of Debra Walling, Deed Manager for Davidson County, and a Statement of Undisputed Facts. Ms. Senecal responded to the motion, filing a copy of the MNAA lease, a copy of the General Release dated August 21, 2010, a certified copy of the general sessions warrant and agreed order of settlement, the bylaws of the Airport Authority, a response to the statement of undisputed facts, and the affidavit of Ms. Senecal. Metro filed another affidavit of Ms. Davey on January 30, to which Ms. Senecal filed a surreply on January 31. Ms. Senecal also filed a second motion to dismiss.

On February 7, the court entered an order granting Metro's motion for summary judgment, and awarding judgment for all unpaid taxes through 2010, as well as penalties, interest, and attorney fees. Ms. Senecal appeals.

## STANDARD OF REVIEW

The suit was resolved on summary judgment, which is appropriate where there are no genuine issues of material fact for trial and where one or more of the parties is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.05; *Penley v. Honda Motor Co.,* 31 S.W.3d 181, 183 (Tenn. 2000); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). Ms. Senecal acknowledges that there are no facts in dispute; consequently, our review only concerns questions of law which we review *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Bain v. Wells*, S.W. 2d 618, 622 (Tenn. 1997).

## ANALYSIS

Ms. Senecal contends that the requirement at Tenn. Code Ann. § 67-1-901 that taxes be paid under protest does not apply to her and that the case "cannot be dismissed for lack of standing since this is NOT a case about assessment, classification, valuation, or clerical errors." Her statement is made in reference to Metro's motion to dismiss this appeal for lack of subject matter jurisdiction, which we earlier denied without prejudice to being raised in Metro's brief. She has posited the issue as one of her standing to present her defense to the suit; as more fully explained below, we must first consider the threshold issue of jurisdiction. Consequently, we will consider her contention in that context.[3]

---

[3] In addition, the trial court did not base its grant of summary judgment to Metro on the ground of standing.

Tenn. Code Ann. §§ 67-1-901–905 and §§ 67-1-908–911 provide a full, complete, orderly, and exclusive remedy for the taxpayer who believes that there was an improper exercise of the taxing power. *State v. Delinquent Taxpayers as shown on 1972 Real Property Delinquent Tax Records of the Metropolitan Government of Nashville and Davidson County, Tennessee*, 526 S.W.2d 453, 454 (Tenn. 1975)[4]; *State ex rel. Davis v. ABC Brentwood Locksmith Service*, No. M2004-00638-COA-R3-CV, 2005 WL 2667042, at *2 (Tenn. Ct. App. 2005). Tenn. Code Ann. § 67-1-901 requires that where proceedings are instituted to recover taxes, if the person against whom the proceeding is brought believes that the collection of the tax is "unjust or illegal, or against any statute or clause of the constitution of the state," then that person must pay the tax under protest; Tenn Code Ann. § 67-1-903 provides that the party may then sue the taxing authority for a refund. Tenn. Code Ann. § 67-1-908 provides that "[t]here shall be no other remedy in any case of the collection of revenue, or attempt to collect revenue illegally . . . ." The underlying theory of this statutory construct is the recognition that "tax revenues are the lifeblood of public corporate existence," and delays and postponements in the collection of tax revenues could "frustrate the performance of essential governmental functions." *ABC Brentwood Locksmith Service*, 205 WL 2667042, at *2 (citing *Bank of Commerce and Trust Co. v. Senter*, 149 Tenn. 569, 260 S.W. 144 (Tenn. 1924)).

Cases have also recognized that payment of taxes is a prerequisite to any claim that a tax violates the state constitution or laws. *State ex rel. Williamson Cnty. v. Jesus Christ's Church at Liberty Church Road*, No. M2009-02439-COA-R3-CV, 2011 WL 251212, at *3 (Tenn. Ct. App. 2011) ("[T]o the extent Mr. Maxwell asserts that the tax violates the state constitution or laws, payment of the taxes under protest is a prerequisite to such contest."); *ABC Brentwood Locksmith Service*, 205 WL 2667042, at *2. "The payment under protest statute is applicable in every case, even though in particular instances it may work a hardship." *Lyons v. Lay et al.*, 179 Tenn. 388, 166 S.W.2d 778, 779 (Tenn. 1942). Without first paying a tax under protest, any suit alleging that the tax has been invalidly levied cannot be adjudicated, because the court does not have subject matter jurisdiction. *American Can Co. v. McCanless*, 193 S.W.2d 86 (Tenn. 1946).

We disagree with appellant's contention that the type of challenge determines whether the tax must be paid before the taxpayer may contest the tax; as distilled from numerous cases addressing the requirement in § 67-1-901, the only question in determining whether the statute applies is whether a tax liability is being disputed.

---

[4] Tenn. Code Ann. §§ 67-2303–2307 and §§ 2310-2313 are the predecessor statutes to Tenn. Code Ann. §§ 67-1-901–905 and §§ 67-1-908–911.

In *American Can* a taxpayer brought suit seeking a declaratory judgment construing an excise tax statute; however, the taxpayer had not paid the challenged tax under protest. Our Supreme Court applied Code 1932 §§ 1790, 1792, and 1794[5] and held that the statutory construct in those laws provided the sole and exclusive remedy available to taxpayers seeking to challenge allegedly illegal or unfair tax impositions, and that, in light of American Can's failure to pay the tax, it had no right to a declaratory judgment. *American Can Co.*, 193 S.W.2d 86 at 88.

Similarly in *Heath v. Creson*, the taxpayer brought suit for a declaratory judgment that he did not provide services which were taxable under the Business Tax Act; he failed to pay the disputed tax prior to filing suit. This court affirmed the trial court's dismissal on the ground that the taxpayer's failure to pay the tax deprived the court of jurisdiction over his complaint. *Heath v. Creson*, 949 S.W.2d 690, 692 (Tenn. Ct. App. 1997).

In *State v. Delinquent Taxpayers*, the defendants had petitioned the Chancery Court "for leave to discharge their tax lien by payment of the base tax, without the payment of penalty and interest." 526 S.W.2d at 454. The Chancery Court entered an order requiring the payment of the base tax and interest, but remitted the statutory penalty. *Id.* The Supreme Court of Tennessee reversed, holding that "[t]here is no statutory predicate for a suit for the forgiveness of taxes, penalty, or interest, and no case law in this jurisdiction supports such a procedure." *Id.* The court further mentioned that even the "broad equitable power" of courts of equity to "relieve against forfeitures and penalties" may only "be invoked pursuant to payment under protest." *Id.*

These cases underscore the fact that, in order to invoke the jurisdiction of a court to hear a claim that collection of a tax would be unjust or illegal, the taxpayer must first pay the tax; nothing in the cases suggests that a party is excused from the requirement of § 67-1-901 based on the nature of the party's challenge to the tax or the manner in which the unjustness or illegality of the tax is raised. Further, there is no language in any of the remaining statutes which could be read to suggest that the requirement is dependent on the nature of the challenge. Absent compliance with the statute, the court lacks jurisdiction to hear the challenge.

Because the court lacked jurisdiction to hear the challenge all other issues raised by Ms. Senecal are moot. *See Dishmon v. Shelby State Cmty. College*, 15 S.W.3d 477, 480

---

[5] Code 1932 §§ 1790, 1792, and 1794 are the predecessor statutes to Tenn. Code Ann. §§ 67-1-901, -903 and -908, respectively.

(Tenn. Ct. App. 1999) (holding that an appellate court must dismiss a case without reaching the merits of the appeal when it concludes the trial court lacked subject matter jurisdiction).

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
RICHARD H. DINKINS, JUDGE